IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SALEEBAN ADAN, | : | HABEAS CORPUS |
| Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
| v. | : | |
| | : | |
| ROBERT TOOLE, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:15-CV-4256-WSD-JFK |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

Petitioner, Saleeban Adan, challenges via 28 U.S.C. § 2254 his 2001 DeKalb County murder conviction. The matter is now before the Court for consideration of the petition [1], and Respondent's answer response and motion to dismiss [8, 9]. For the reasons stated below, the undersigned recommends that the motion to dismiss be granted and that this action be dismissed.

**I.     Discussion**

The DeKalb County grand jury indicted Petitioner for the August 31, 2001, stabbing death of Abdi Idires Nor, felony murder, and aggravated assault, criminal action number 01CR5128-9. (Resp't Ex. 4, ECF No. 10-4). Petitioner pleaded guilty to felony murder and the remaining charges merged. (See Resp't Ex. 5, ECF No. 10-

5).  On December 8, 2010, Petitioner received a life term of imprisonment, to run concurrently with the sentence for his Baldwin County conviction.[1]  (Id.).

Petitioner states that he did not seek direct review.  (Pet. at 2, ECF No. 1).  On December 24, 2014, Petitioner filed in the Tattnall County Superior Court a state habeas corpus petition, in which he challenged both convictions.  (Resp't Ex. 1, ECF No. 10-1).  Records submitted by Respondent show that a state habeas corpus hearing was scheduled for March 24, 2016.  (Resp't Ex. 3, ECF No. 10-3).

On December 1, 2015,[2] Petitioner filed his federal habeas corpus petition.  (Pet.). Petitioner provides no reason for his late filing, but states that he did not file an appeal because "he does not have the mental capability to file or anything on his own . . . . If [his] mental status would of been checked he would never [have] been sent to a prison.

---

[1] Petitioner was charged in Baldwin County criminal action number 10CR3931-9 with the January 7, 2009, beating and choking death of Godfrey Cook, felony murder, and aggravated assault, and pleaded guilty to felony murder.  On December 8, 2010, he received a life term of imprisonment, to run concurrently with his DeKalb County sentence.  (Resp't Exs. 6, 7, ECF Nos. 10-6 and -7).

[2] Generally, a prisoner filing in federal court may be deemed filed on the day that the prisoner delivered it for mailing to prison officials, which, absent evidence to the contrary, is presumed to be the date on which he signed it.  Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir.) (citing Houston v. Lack, 487 U.S. 266, 276 (1988); United States v. Glover, 686 F.3d 1203, 1205 (11th Cir. 2012)), cert. denied, _ U.S. _, 135 S. Ct. 241 (2014).

2

He needs help not prison." (Id. at 3, 6). Respondent moves that the petition be dismissed as untimely and for lack of exhaustion. (Resp't Br. at 2-6, ECF No. 9-1).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA") a one-year statute of limitations applies to a habeas corpus action attacking a state conviction. As stated at 28 U.S.C. § 2244:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

3

judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In addition to the tolling provision in § 2244(d)(2), the one-year statute of limitations is subject to equitable tolling if the petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1207 (11th Cir. 2014) (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)) (internal quotation marks omitted), cert. denied, _ U.S. _, 135 S. Ct. 1171 (2015). "[E]quitable tolling is an extraordinary remedy which is sparingly applied, and [the movant bears] the burden of proving equitable tolling." Williams v. United States, 491 F.3d 1282, 1284 (11th Cir. 2007).[3]

---

[3] Actual innocence also provides an equitable exception, though rare, to AEDPA's time limitations. McQuiggin v. Perkins, _ U.S. _, _, 133 S. Ct. 1924, 1928 (2013) (stating that the petitioner must "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt" (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)) (internal quotation marks omitted)). To show actual innocence, the petitioner must, "with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial" demonstrate that "it is more likely than not that no reasonable juror would have convicted him[.]" Schlup, 513 U.S. at 324, 327. There is nothing to indicate that actual innocence applies.

There being no suggestion in the record before this Court that the provisions of subsections 2244(d)(1)(B)-(D) apply, the federal limitations period began to run when Petitioner's conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner did not file a direct appeal, his conviction became final on January 7, 2011, upon expiration of the thirty-day time period for seeking appellate review of his December 8, 2010, conviction. See O.C.G.A. § 5-6-38. Thus, the 365-day limitations period was set to expire on January 7, 2012.

Petitioner's 2014 state habeas corpus petition was filed after the federal limitations period was set to expire and, thus, cannot provide statutory tolling. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll."). Additionally, Petitioner's indication that he has some type of mental incapacity does not warrant equitable tolling. Equitable tolling based on "mental incapacity" may be appropriate if a petitioner shows a "causal connection" between his mental limitations and his ability to file a timely petition. Lawrence v. Florida, 421 F.3d 1221, 1226-27 (11th Cir. 2005). Here, however, Petitioner has not responded to the motion to dismiss or presented any argument on equitable tolling. Further, the record and pleadings before the Court do not warrant a

5

finding that, with due consideration for Petitioner's mental capacity, he was otherwise reasonably diligent in pursuing his rights such that he is entitled to equitable tolling for the almost three-year period from January 7, 2012, when the limitations period was set to expire through December 24, 2014, when he filed his state habeas corpus petition. See Cole v. Warden, 768 F.3d 1150, 1158 (11th Cir. 2014) ("The petitioner has the burden of establishing his entitlement to equitable tolling; his supporting allegations must be specific and not conclusory."), cert. denied, _ U.S. _, 135 S. Ct. 1905 (2015); see also Spears v. Warden, 605 F. App'x 900, 905 (11th Cir.) ("While it may be true . . . that any assessment of what is 'reasonable' diligence must take into account Spears's mental illnesses . . . , the record supports the district court's finding that Spears did not exercise reasonable diligence because he took no action to pursue his rights until 2007."), cert. denied, _ U.S. _, 136 S. Ct. 300 (2015).

Accordingly, the 365-day limitations period expired on January 7, 2012. Petitioner's December 2015 federal habeas corpus petition must be denied and dismissed as untimely by almost four years.

## II.  **Certificate of Appealability ("COA")**

Under Rule 11 of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the

applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> "When the district court denies a habeas petition on procedural grounds . . . a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Damren v. Florida, 776 F.3d 816, 820 (11th Cir. 2015) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

The undersigned recommends that a COA should be denied because untimeliness is not debatable based on the record before the Court. If the Court adopts this recommendation and denies a COA, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

7

### III. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Respondent's motion to dismiss [9] be **GRANTED**, that the petition for a writ of habeas corpus [1] be **DENIED** and **DISMISSED** as untimely, and that a COA be **DENIED**.

The Clerk of Court is **FURTHER DIRECTED** to withdraw the referral to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED**, **ORDERED**, **and DIRECTED**, this 16th day of August, 2016.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)