IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SALEEBAN ADAN,

           Petitioner,

v.                                    1:15-cv-4256-WSD

ROBERT TOOLE,

           Respondent.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation [11] ("R&R"). The R&R recommends the Court grant Respondent Robert Toole's ("Respondent") Motion to Dismiss [9].

### I.    BACKGROUND

Petitioner Saleeban Adan ("Petitioner") pleaded guilty in the Superior Court of DeKalb County, Georgia to two counts of felony murder. ([10.5]). On December 8, 2010, Petitioner received a life term of imprisonment. (Id.).

Petitioner states he did not seek direct review. (Pet. [1] at 2). On December 24, 2014, Petitioner filed in the Tattnall County Superior Court a state habeas corpus petition, in which he challenged his convictions. ([10.1]). A state habeas corpus hearing was scheduled for March 24, 2016. ([10.3]).

On December 1, 2015,[1] Petitioner filed his federal habeas corpus petition [1] ("Petition"). Petitioner states that he did not file a direct appeal because "he does not have the mental capability to file or anything [sic] on his own . . . . If [his] mental status would of [sic] been checked he would never [have] been sent to prison. He needs help not prison." (Pet. at 3, 6).

On March 25, 2016, Respondent filed his Motion to Dismiss, seeking to dismiss the Petition as untimely and for lack of exhaustion. ([9.1] at 2-6).

On August 17, 2016, the Magistrate Judge issued her R&R. The Magistrate Judge found that Petitioner's Petition is untimely, and that equitable tolling does not apply. The Magistrate Judge also recommends the Court deny a Certificate of Appealability, "because untimeliness is not debatable based on the record before the Court." (R&R at 7). Petitioner did not file any objections to the R&R, and has not otherwise taken any action this case.

---

[1]   "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014) (internal quotation marks omitted) (quoting United States v. Glover 686 F.3d 1203, 1205 (11th Cir. 2012)), cert. denied, 135 S. Ct. 241 (2014). Absent evidence to the contrary, the Court assumes the motion was delivered to prison authorities on the day the prisoner signed it. Washington v. United States, 243 F.3d 1301, 1301 (11th Cir. 2001).

## II.  ANALYSIS

### A.  Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  Where, as here, no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam)

### B.  Discussion

Absent extraordinary circumstances, a federal court may not consider the merits of a petition for a writ of habeas corpus unless it is timely filed.  28 U.S.C. § 2244(d) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The one-year statute of limitations is subject to equitable tolling if the petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Lugo v. Sec'y Fla. Dep't of Corr., 750 F.3d 1198, 1207 (11th Cir. 2014). "[E]quitable tolling is an extraordinary remedy which is sparingly applied, and [the movant bears] the burden of proving equitable tolling." Williams v. United States, 491 F.3d 1282, 1284 (11th Cir. 2007).

The Magistrate Judge determined that, because the record does not suggest that the provisions of subsections 2244(d)(1)(B)-(D) apply, the federal limitations

4

period began to run when Petitioner's conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Magistrate Judge found that Petitioner's conviction became final on January 7, 2011, upon the expiration of the thirty-day time period for seeking appellate review of his December 8, 2010, conviction. (R&R at 5 (citing O.C.G.A. § 5-6-38)). Thus, Petitioner had until January 7, 2012, to file his Petition. The Court finds no plain error in these findings. See Slay, 714 F.2d at 1095.

The Magistrate Judge found that Petitioner's 2014 state habeas corpus petition was filed after the federal limitations period expired and, thus, cannot provide statutory tolling. (R&R at 5 (citing Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004))). The Magistrate Judge also found that Petitioner's indication that he has some type of mental incapacity does not warrant equitable tolling, because equitable tolling under such circumstances is appropriate only if a petition shows a "causal connection" between his mental limitations and his ability to file a timely petition. (Id.). The Magistrate Judge determined Petitioner failed to show such a causal connection. (See id. at 5-6). Because the limitations period expired on January 7, 2012, and Petitioner filed his Petition in December 2015, the

Magistrate Judge recommends the Petition be denied as untimely.  The Court finds no plain error in these findings and recommendation.  See Slay, 714 F.2d at 1095.

The Magistrate Judge also recommends the Court deny a Certificate of Appealability, "because untimeliness is not debatable based on the record before the Court."  (R&R at 7).  The Court finds no plain error in these findings and recommendation, and a Certificate of Appealability is denied.  See Slay, 714 F.2d at 1095.  Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Janet F. King's Final Report and Recommendation [11] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Respondent Robert Toole's Motion to Dismiss [9] IS **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** under Rule 4 as untimely.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**SO ORDERED** this 22nd day of September, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE